168 So. 225

## JENNETT v. STATE.
### 4 Div. 198.

Court of Appeals of Alabama.
April 21, 1936.

Rehearing Denied May 12, 1936.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The defendant was tried and convicted, May 24, 1935, and judgment was entered on that day. On the next succeeding day, he filed his motion for a new trial and called the same to the attention of the trial judge. No action was ever taken on this

█

motion, and no order was entered thereon within 30 days from its filing. The term of the circuit court expired by operation of law June 29, 1935. On September 19, 1935, being more than 30 days after final judgment, the defendant filed with the clerk of the circuit court a bill of exceptions, which was by him presented to the trial judge, who refused to sign the same and indorsed on same the following: "This Bill of Exceptions was not presented within 90 days from the date of its trial, and its consideration and approval are denied and refused. This Sept. 30, 1935. J. S. Williams, Judge."

It is here contended that under section 6433, Code 1923, the defendant should be allowed 90 days from June 27th, within which to prepare and have signed his bill of exceptions, for the reason that the trial judge failed to make any ruling on the motion, and that this failure to act constitutes a refusal of the motion within the statute.

Such is not the case; there is no ruling of the court upon which to base an appeal. The nonaction of the court on the motion for new trial simply allowed the motion to lapse and to remit defendant to his rights under the original judgment. The bill of exceptions not having been presented within 90 days from that date, this motion must be denied.

Motion denied.

Judgment affirmed.